IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-350-3F
5:13-CV-653-3F

| | |
|---|---|
| ERIC JAMEL HENRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on September 13, 2013. On October 25, 2013, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Subsequently, on November 12, 2013, Petitioner filed an "amended motion pursuant to 28 U.S.C. § 2255," which the undersigned construes as a motion for leave to amend his § 2255 motion. This matter has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motion to amend be denied, the government's motion to dismiss be granted and Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On April 23, 2012, Petitioner pleaded guilty to three counts: (1) conspiracy to distribute and possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841 and 846 (count one); (2) possession with intent to distribute a quantity of marijuana and aiding and abetting his codefendants, in violation of 21 U.S.C. § 841(a)(1) (count two); and (3) possession

of a firearm in furtherance of the drug conspiracy, in violation of 18 U.S.C. § 924(c). On December 18, 2012, the court sentenced Petitioner to an 86-month term of imprisonment. Petitioner did not appeal his sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts two arguments in support of his original § 2255 motion: (1) that his sentence is unconstitutional pursuant to the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (2) that his attorney was ineffective for failing to provide effective assistance at sentencing and failing to recommend a direct appeal. Plaintiff also seeks to amend his § 2255 motion to add an additional claim that his plea of guilty as to count three "was not knowingly, intelligently, and voluntarily entered." Thus, he requests that this court vacate his sentence or remand his case for resentencing.

**I.     Motion to Amend**

Petitioner seeks to amend his § 2255 motion to assert as an additional claim that his guilty plea as to count three (possession of a firearm in furtherance of a drug trafficking offense) was not knowingly, intelligently, and voluntarily entered. Plaintiff asserts that he was not informed that he faced a mandatory minimum sentence of seven years and had he been so advised, he would not have pled guilty to that offense. Even assuming Petitioner was misinformed of the minimum statutory sentence at the time of his plea (a matter the court does not concede), it is clear from the record that Petitioner was aware of the seven-year mandatory minimum prior to the time of sentencing. Petitioner objected to the presentence report's application of the seven-year minimum, arguing that Petitioner did not brandish a firearm and that any brandishing of a firearm by his coconspirators exceeded the scope of the conspiracy and,

2

alternatively, could not have reasonably been foreseen by Petitioner. As such, Petitioner could have asked to withdraw his guilty plea prior to sentencing or raised this issue on appeal. Having failed to do so, Petitioner has procedurally defaulted on this claim.

For the reasons set forth below, Petitioner has not demonstrated that his attorney was ineffective in failing to appeal. There being no other basis asserted for excusal of Petitioner's default, Petitioner is barred from raising this claim on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review).

Because Petitioner is precluded from bringing this claim in a § 2255 motion, amendment would be futile. Accordingly, his motion to amend should be denied. *See Cannady v. United States*, No. 5:08-CR-258-D, 2012 WL 5207484, at *2 (E.D.N.C. Oct. 22, 2012) (denying leave to amend § 2255 motion where amendment would be futile).

**II.**   ***Alleyne***

Petitioner contends that he should be resentenced pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact increasing a mandatory minimum sentence is an element of the crime and must be submitted to the jury. *Id.* at 2162 ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."). However, "*Alleyne* has not been made retroactively applicable to cases on collateral review."

*United States v. Stewart*, 540 F. App'x 171, 172 n. (4th Cir. 2013) (per curiam); *see also Jackson v. United States*, Nos. 5:11-CR-231-F-1, 5:13-CV-284-F, 2014 WL 4060270, at *4 (E.D.N.C. Aug. 14, 2014) (noting that *Alleyne* and other rules based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), do not apply retroactively to cases on collateral review). Petitioner's judgment became final, at the latest, in January 2013, upon expiration of his time to appeal. Because *Alleyne* was not decided until June 2013, Petitioner is not entitled to any relief pursuant to *Alleyne*.

**II.     Ineffective Assistance of Counsel**

Petitioner next contends that his trial attorney was ineffective in the following ways: (1) failing to argue to the court that he should not have an increased mandatory minimum, thus failing to preserve the issue for appeal; and (2) failing to recommend a direct appeal pursuant to *Alleyne*. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Plaintiff's attorney filed an objection to the seven-year mandatory minimum included in the presentencing report, but withdrew the objection at sentencing. Petitioner has not demonstrated that counsel's actions were not the result of a sound strategy to obtain a downward adjustment for acceptance of responsibility or other consideration at sentencing.[1] Additionally, "[a]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)). An attorney is not ineffective "for failing to preserve an issue at trial based merely on the Surpeme Court's grant of certiorari in a case which raised the issue." *Id.* Under the controlling law at the time, counsel had no basis for objecting to Petitioner's seven-year mandatory minimum. Thus, he was not ineffective for failing to preserve the issue for appeal. Nor would counsel have been ineffective for failing to recommend direct appeal on an issue for which there was no legal basis at the time. Therefore, Petitioner's ineffective assistance of counsel claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's claims be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 12, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of

---

[1] Petitioner, in fact, received a two-level adjustment for acceptance of responsibility and was sentenced at the bottom of the applicable guideline range, with counts one and two run concurrently.

5

those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 23rd day of October 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

6

Case 5:11-cr-00350-F   Document 150   Filed 10/26/15   Page 6 of 6